**O. B. BROWN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20550.**

United States Court of Appeals
Fifth Circuit.

Nov. 19, 1963.

**418**

Wallace Miller, Jr., Macon, Ga., for appellant.

Joseph W. Popper, Jr., Asst. U. S. Atty., Macon, Ga., Floyd M. Buford, U. S. Atty., Macon Ga., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

Brown, a civilian employee at Robins Air Force Base, was convicted, after indictment and jury trial, of converting government property in violation of Title 18 U.S.C.A. § 641.

His appeal asserts error, first, in denying a motion to suppress; second, an insufficiency of evidence to corroborate extrajudicial admissions and a confession, and thus a lack of proof; and third, the incorrectness of allowing the introduction of the extrajudicial admissions and the confession without antecedent prima facie proof of the corpus delecti.

■ There was no error in the denial of the motion to suppress the property in issue as evidence. The proof on which the trial court could base its de-cision showed even more than consent; it went to the point of a voluntary disclosure and hand-over. On the question of consent see Calhoun v. United States, 5 Cir., 1949, 172 F.2d 457; and United States v. Mitchell, 1944, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140. As to the second assignment, there was ample evidence to corroborate the extrajudicial confession and admissions which in turn proved the corpus delecti and all essential elements of the crime. Opper v. United States, 1954, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101; and Smith v. United States, 1954, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192. Whether the confession and admissions could be introduced prior to prima facie proof of the corpus delecti is likewise controlled adversely to appellant by Opper v. United States, supra.

The judgment appealed from is affirmed.